BENITO ABAD ROBLES ET UX., Plaintiffs and Appellees, *v.* CELESTINO GUZMÁN, Defendant and Appellant.

No. 9526.—Argued November 3, 1947.—Decided November 13, 1947.

[4] Page 12 of the ''Memorandum of the Petitioner regarding the Dismissal,'' filed on February 28, 1947.

*Faustino R. Aponte* for appellant. *F. González, Jr.* for appellees.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Benito Abad Robles and his wife Dolores García brought, in the District Court of Humacao, an action for the delivery of property and other relief against Celestino Guzmán. In the complaint plaintiffs alleged, in substance, that they owned a frame house located in the ward of Daguao, Naguabo; that at the end of February 1941, plaintiff Robles owed $165 to the defendant Guzmán, and that in order that the latter might collect the debt, said plaintiff authorized the defendant to receive the rents of the above-mentioned house for such time as might be necessary to settle the indebtedness; that from February 1941 to April 1943, the house was rented for $6 monthly and in April of the latter year it started to yield $30 monthly, the total of the rentals collected amounting to $426; that if from the latter sum the amount of the debt is deducted, there is left a balance of $261 in favor of the plaintiff; that subsequently plaintiff Robles and the defendant started negotiations for the sale of said property, and the contract was not perfected because they failed to reach a definite agreement as to the terms thereof; that plaintiff Do-

lores García, who is a co-owner of said immovable, has never entered into any agreement whatsoever with the defendant or given her consent to any contract for the sale of the house; and that the defendant refuses to return the property to the plaintiffs, holding possession thereof without any title or right thereto.

The complaint concluded by praying: (*a*) that the described property be returned to the plaintiffs; (*b*) that the defendant be adjudged to pay to the latter the sum of $261; and (*c*) that he be further adjudged to pay the rentals which the property might yield from January 1944 until the termination of the suit; as well as (*d*) to pay costs and attorney's fees.

The defendant Celestino Guzmán answered, denying each and every one of the allegations of the complaint, and on the contrary maintained that what had actually happened was that while the plaintiff and a son of the latter owed to the defendant the sum of $72 at the beginning of 1940, the plaintiff entered into a contract for the sale of the house which is described in the complaint, the selling price being $250, in settlement of which the defendant deducted the amount of the debt, gave to the defendant a steer, and delivered to him several items; that the plaintiff and the defendant are friends (*compadres*) and for this reason they allowed some time to elapse without executing the corresponding deed; that about the middle of 1943, the plaintiff authorized the defendant to prepare that instrument but that after it was drafted the plaintiff refused to sign it, as he considered that the value of the house had risen, due to the repairs and improvements made on the property by the defendant and to the increase in business brought about by the war and the construction of a naval base at Ceiba.

The corresponding trial was held and the lower court, after hearing the evidence for both parties, rendered judgment dismissing the complaint in all its parts, with costs against

674

the plaintiffs. The latter requested a reconsideration and, after a hearing, the following judgment was entered:

"In view of the motion for reconsideration filed by the plaintiffs on June 14 of the current year, and after hearing both parties in open court, the judgment rendered on June 11, 1945, is hereby reconsidered so as to read as follows:

"For the reasons set forth in the statement of the case and opinion which is attached to the record and is made a part hereof, the court considers that the law and the facts are in favor of the defendant and against the plaintiffs and proceeds to render, and does hereby render, judgment dismissing the complaint in all its parts, with costs against the plaintiffs but without including attorney's fees.

"Regarding plaintiff Dolores García, since the evidence shows that she did not give her express consent to the sale of the real property involved in this suit, which is community property, the sale of said property is hereby declared void, and her rights therein, as wife of the plaintiff Benito Abad Robles, are reserved, to be exercised by her in the manner and form provided by law.' "

From that judgment the defendant has appealed, and in support of his appeal he assigns as an only error that "the district court committed manifest error in reconsidering its judgment, since it thereby permitted an unjust enrichment of the conjugal partnership." The plaintiffs, however, have failed to appeal from the judgment in so far as it affected them, or to file any brief in opposition to that submitted by the defendant in support of the appeal taken by him.

■ The judgment appealed from is indeed untenable. The evidence introduced by the parties was conflicting but the conflict was decided by the lower court, and it is a well-established rule that we will not disturb the action of a district judge in resolving conflicts of that character, unless it is shown than in so doing he committed manifest error in the weighing of the evidence or acted under the influence of passion, prejudice, or partiality. See *Gorbea* v. *Santiago, ante,* p. 595, and *Ramos* v. *Rosario,* and the cases cited therein. Therefore, we consider, just as the lower court did, that the

contract entered between the plaintiff Benito Abad Robles and the defendant Celestino Guzmán is one of sale.

■ The evidence introduced by the plaintiffs also shows with all clearness that the house in question was built during their marriage. Consequently, said property is presumed to be community property and any one who alleges the contrary has the burden of proving it. Sections 1301 and 1307 of the Civil Code, 1930 ed.;[1] *Roselló* v. *Registrar,* 42 P.R.R. 491; *Cortés et al.* v. *Díaz et al.,* 31 P.R.R. 433, 437; *Arroyo* v. *Vicario et al.,* 28 P.R.R. 753; *Acosta* v. *Registrar of Caguas,* 27 P.R.R. 232; *Cádiz* v. *Jiménez,* 27 P.R.R. 598; *De la Cruz* v. *Registrar of Ponce,* 24 P.R.R. 637; *Truyol* v. *Registrar of Property,* 18 P.R.R. 901, and *Librán* v. *Hernández,* 18 P.R.R. 968. That presumption was not overcome in this case.

■ On the other hand, it is an elementary principle of law, set forth in the Civil Code itself and in the decisions of this Court, that the conjugal partnership is a distinct and separate entity from the persons who constitute it, and that although, with rare exceptions,[2] the husband is the administrator of the community, the real property belonging to said partnership can not be alienated or burdened in any manner whatsoever without the express consent of both spouses. Also, that all sales of real property in which this requisite is not strictly complied with shall be entirely void. Section

---

[1] Section 1301.—"To the conjugal partnership belong:

1. Property acquired for a valuable consideration during the marriage at the expense of the partnership property, whether the acquisition is made for the partnership or for one of the spouses only.

2. That obtained by the industry, salaries, or work of the spouses or of either of them.

3. The fruits, income, or interest collected or accrued during the marriage, coming from the partnership property, or from that which belongs to either one of the spouses."

Section 1307.—"All the property of the marriage shall be considered as partnership property until it is proven that it belongs exclusively to the husband or to the wife.

[2] See § § 91 and 1333 of the Civil Code, 1930 ed.

91 of the Civil Code, 1930 ed.;[3] *Ex Parte García*, 54 P.R.R. 478, 482; *Morales* v. *Ceide*, 51 P.R.R. 25, 35; *Ortiz et al.* v. *Passalacqua et al.*, 26 P.R.R. 578; *Caballero et al.* v. *Pomales et al.*, 17 P.R.R. 691, and *Díaz* v. *The Registrar of Property*, 9 P.R.R. 169.

The evidence introduced by the plaintiffs likewise shows that the wife never consented to the sale by the husband of the house in question. That being so, said sale is void and hence, the judgment of the lower court should not have confined itself to holding it void only as to the wife.

■ Section 1255 of the Civil Code, 1930 ed., provides that:

"When the nullity of an obligation has been declared, the contracting parties shall restore to each other the things which have been the object of the contract with their fruits, and the value with its interest, . . ."

Under those circumstances, and since the pleadings and the evidence show that the defendant made improvements on the property in question, the judgment appealed from should be reversed and the case remanded to the lower court with directions to order the reciprocal restitution after determining, in a hearing held exclusively for that purpose, the value of said repairs and improvements, as well as of the fruits and interest referred to in the above-cited Section.

■ Before closing this opinion we wish to state that, although the plaintiffs have not appealed and we are deciding only the appeal taken by the defendant, the judgment

---

[3] Section 91.—''The husband shall be the administrator of the conjugal property, except when stipulated otherwise.

The purchases made by the wife out of the conjugal property shall be valid when the said purchases comprise things or articles for the use of the family, in accordance with their social position.

Nevertheless the real property belonging to the conjugal community may not be alienated or burdened, such a transaction being null, except when effected with the mutual consent of both parties to the marriage.''

which we are now rendering is also favorable to said plain⁺ tiffs it not being divisible, since the obligations to make restitution and to pay are reciprocal. *Oller* v. *Cadierno,* 62 P.R.R. 401, 404.

The judgment appealed from will be reversed.